■ WILLIAM ATKINSON, Plaintiff, v MOBIL OIL CORPORATION, Defendant and Third-Party Plaintiff-Respondent. MATTHEWS INDUSTRIAL PIPING CO., INC., Third-Party Defendant-Appellant. [614 NYS2d 36] —In a negligence action to recover damages for personal injuries, the third-party defendant, Matthews Industrial Piping Co., Inc., appeals from an order of the Supreme Court, Richmond County (Cusick, J.), dated March 17, 1992, which granted the motion by the third-party plaintiff Mobil Oil Corporation to sever the third-party cause of action to recover damages for breach of contract.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The plaintiff was injured when he fell while walking on a tank owned by Mobil Oil Corporation (hereinafter Mobil). Mobil impleaded the third-party defendant Matthews Industrial Piping Co., Inc. (hereinafter Matthews), which had performed repairs on the tank, alleging that Matthews had a contractual obligation to indemnify Mobil, and that Matthews

breached its contract with Mobil by failing "to furnish the * * * work, labor, services, materials and equipment in a safe, hazard-free and workmanlike manner". Mobil's bill of particulars essentially repeats this allegation. A trial on the issue of liability was held, and Mobil was found to be 50% at fault; the remaining fault was apportioned between the plaintiff, Matthews, and the second third-party defendant P & M Excavating Company. Mobil's claim against Matthews for contractual indemnity was dismissed (see, General Obligations Law § 5-322.1). Following the liability portion of the trial, the damages portion of the trial commenced.

Mobil then moved to sever a cause of action to recover damages for breach of contract, predicated on Matthew's alleged failure to obtain insurance as required by Article 12 of the contract. Matthews objected, arguing, inter alia, that no such cause of action was pleaded, and that the motion to sever was untimely, coming after the jury verdict on liability. The Supreme Court, Richmond County, noted that the contract had been introduced into evidence, and that Mobil had made a demand for the production of any insurance coverage by Matthews, a demand which had gone unanswered. The court then granted Mobil's motion to sever the breach of contract cause of action, predicated on Matthew's alleged failure to obtain insurance coverage. Thereafter, the parties settled the issue of damages. We now reverse.

In order to plead a breach of contract cause of action, a complaint must allege the provisions of the contract upon which the claim is based (see, Shields v School of Law of Hofstra Univ., 77 AD2d 867, 868-869). The pleadings must be " 'sufficiently particular to give the court and [the] parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved' as well as 'the material elements of each cause of action or defense' " (DiMauro v Metropolitan Suburban Bus Auth., 105 AD2d 236, 239, quoting CPLR 3013). Mobil's complaint and bill of particulars in no way alerted Matthews that Mobil was claiming a breach of contract based on Matthew's alleged failure to obtain insurance. Thus, since Mobil never pleaded this cause of action, there was no cause of action to sever, and the trial court erred in granting Mobil's motion to sever this nonexistent cause of action.

Even if we were, arguendo, to accept Mobil's assertion that this cause of action was, in fact, pleaded, we would find Mobil's motion to sever to be untimely. At no time did Mobil move for summary judgment, present any evidence, or move

for a judgment as a matter of law, on this issue. In fact, Mobil agreed not to submit Article 12 of the contract to the jury. Mobil simply waited until a verdict was rendered, then sought severance of this issue. Thus, the trial court should have denied the motion *(see generally, Shanley v Callanan Indus.,* 54 NY2d 52, 57; *Schein v Sea Shore Marina Props. Corp.,* 118 AD2d 767, 768-769). Sullivan, J. P., Balletta, Joy and Friedmann, JJ., concur.