■ WILLIAM DORIA, JR., Appellant, v NICHOLAS MASUCCI et al., Respondents. [646 NYS2d 363] —In an action, *inter alia,* for the imposition of a constructive trust, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Nastasi, J.), entered September 14, 1995, which, *inter alia,* granted the defendants' motion to dismiss the complaint, and (2) an amended judgment of the same court dated October 18, 1995, which, *inter alia,* is in favor of the defendants and against the plaintiff. The plaintiff's notice of appeal from the judgment dated September 29, 1995, is deemed a premature notice of appeal from an amended judgment of the same court dated October 18, 1995 (*see,* CPLR 5520 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the amended judgment is affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39

NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the amended judgment (CPLR 5501 [a] [1]).

In 1980, the plaintiff's maternal grandmother conveyed her home in Harrison, New York, to the defendants, the plaintiff's aunt and uncle. In 1995, after both of the plaintiff's parents had died, the defendants contracted to sell the home. The plaintiff commenced this action, *inter alia,* for the imposition of a constructive trust, alleging that his grandmother had conveyed the property to the defendants upon the condition that they hold one-half in trust for his mother. Upon motion of the defendants, the court dismissed the complaint. We affirm.

In considering a motion to dismiss for failure to state a cause of action (*see,* CPLR 3211 [a] [7]), the pleadings must be liberally construed (*see,* CPLR 3026). The sole criterion is whether "from [the complaint's] four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*Guggenheimer v Ginsburg,* 43 NY2d 268, 275; *see also, Bovino v Village of Wappingers Falls,* 215 AD2d 619). The facts pleaded are to be presumed to be true and are to be accorded every favorable inference, although bare legal conclusions as well as factual claims flatly contradicted by the record are not entitled to any such consideration (*see, Morone v Morone,* 50 NY2d 481; *Gertler v Goodgold,* 107 AD2d 481, *affd* 66 NY2d 946). "When evidentiary material is considered, the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one" (*Guggenheimer v Ginsburg, supra,* at 275). This entails an inquiry into whether or not a material fact claimed by the pleader is a fact at all and whether a significant dispute exists regarding it (*see, Guggenheimer v Ginsburg, supra,* at 275; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:25, at 39). Applying these standards to the facts at bar, the plaintiff's complaint was properly dismissed.

Although the doctrine is to be applied flexibly, the essential elements needed for the imposition of a constructive trust are (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment (*see, Simonds v Simonds,* 45 NY2d 233; *Sharp v Kosmalski,* 40 NY2d 119; *Weiss v Weiss,* 186 AD2d 247). Here, despite substantial submissions from the plaintiff concerning the relevant facts and circumstances of this case, the sole support for the imposition of a constructive trust is his assertion that, "[A]t the time my grandmother conveyed the house to my aunt and her husband in 1980, it was agreed and understood by everybody

concerned that the house belonged to both daughters, my mother and my aunt". This bare, conclusory assertion, which is contradicted by the documentary evidence and expressly denied by the defendants, is insufficient to support a finding that the defendants made any promise to the grandmother concerning the home or that the grandmother transferred the home in reliance thereon (*see, Carletta v Albini,* 14 AD2d 813).

The parties' remaining contentions are either without merit or academic in light of our determination. Miller, J. P., Ritter, Santucci and Altman, JJ., concur.