■ GOLD SUN SHIPPING LIMITED et al., Appellants, v IONIAN TRANSPORT INC. et al., Respondents. [666 NYS2d 677] —In an action, *inter alia*, to recover damages for fraud, breach of implied contract, and breach of fiduciary duty, the plaintiffs appeal from an order of the Supreme Court, Westchester County (Scarpino, J.), entered December 4, 1996, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted that branch of the

defendants' motion which was for summary judgment dismissing the plaintiffs' cause of action to recover damages for breach of implied contract, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The complaint alleges that in April 1989 the defendants wrongfully collected and retained certain insurance proceeds which belong to the plaintiffs. The complaint purports to state causes of action to recover damages for fraud, breach of implied contract, and breach of fiduciary duty. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint holding that the action, in reality, sounded in conversion and therefore was barred by the three-year Statute of Limitations applicable to conversion actions (*see,* CPLR 214).

The facts set forth in the complaint clearly allege a cause of action to recover damages for conversion (*see, Meese v Miller,* 79 AD2d 237). Therefore, the three-year Statute of Limitations for conversion is applicable. Since the cause of action alleging fraud was merely incidental to the conversion cause of action, and the only purpose it serves in the complaint is to avoid the Statute of Limitations (*see, Brick v Cohn-Hall-Marx Co.,* 276 NY 259; *Garber v Ravitch,* 186 AD2d 361; *Powers Mercantile Corp. v Feinberg,* 109 AD2d 117), the cause of action alleging fraud was properly dismissed.

The cause of action alleging breach of fiduciary duty and the demand for the imposition of a constructive trust were also properly dismissed based on the three-year Statute of Limitations applicable to conversion, because the legal remedy for conversion would have afforded the plaintiffs full and complete relief (*see, Keys v Leopold,* 241 NY 189, 192; *Schreibman v Chase Manhattan Bank,* 15 AD2d 769).

However, the court should not have dismissed the plaintiffs' cause of action to recover damages for breach of an implied contract, which is subject to a six-year Statute of Limitations (*see, Board of Educ. v Jones,* 205 AD2d 486; *see also, Matter of First Natl. City Bank v City of N. Y. Fin. Admin.,* 36 NY2d 87). Where, as here, a complaint alleges facts which support causes of action alleging conversion and breach of an implied contract, the plaintiff may waive the conversion cause of action and proceed on a breach of an implied contract theory to which a six-year Statute of Limitations period is applicable (*see, Baratta v Kozlowski,* 94 AD2d 454, 464; *Schreibman v Chase Manhattan Bank, supra,* at 770). Bracken, J. P., O'Brien, Thompson and Altman, JJ., concur.