■ SANFORD MAYER et al., Plaintiffs, v ALAN J. SANDERS et al., Defendants and Third-Party Plaintiffs-Appellants. DAVID W. CHEFEC, Third-Party Defendant-Respondent. [695 NYS2d 593] —In an action to recover damages for legal malpractice, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Nassau County (DiNoto, J.), entered January 22, 1998, which granted the motion of the third-party defendant to dismiss the third-party complaint pursuant to CPLR 3211 (a) (7).

Ordered that the order is affirmed, with costs.

The plaintiffs Sanford Mayer and Beverly Mayer commenced an action against the defendants third-party plaintiffs Alan J. Sanders and Michael B. Solomon, individually and d/b/a Sanders & Solomon, Esqs. (hereinafter collectively referred to as Sanders & Solomon) alleging legal malpractice. The Mayers alleged that Sanders & Solomon, who were retained as nominees and attorneys for the Mayers in various second mortgage loan transactions, were negligent in "making and collecting" these loans and that the interests of Sanders & Solomon were in conflict with their own.

Sanders & Solomon brought a third-party action against the third-party defendant David W. Chefec who was retained by the Mayers to commence proceedings against the underlying

debtors pursuant to the advice of Sanders & Solomon. The third-party complaint alleged that Chefec was negligent and therefore liable to Sanders & Solomon for any damages the Mayers may have suffered.

Chefec moved to dismiss the third-party complaint for failure to state a cause of action. The court granted the motion and Sanders & Solomon have appealed.

In considering a motion to dismiss for failure to state a cause of action (see, CPLR 3211 [a] [7]), the pleadings must be liberally construed (see, CPLR 3026). The sole criterion is whether "from [the complaint's] four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (Guggenheimer v Ginzburg, 43 NY2d 268, 275; see also, Doria v Masucci, 230 AD2d 764, 765). The facts pleaded are presumed to be true and are to be accorded every favorable inference, although bare legal conclusions as well as factual claims flatly contradicted by the record are not entitled to any such consideration (see, Morone v Morone, 50 NY2d 481; Doria v Masucci, supra; Gertler v Goodgold, 107 AD2d 481, affd 66 NY2d 946). Applying these standards to the case at bar, the third-party complaint was properly dismissed. The third-party plaintiffs have merely set forth conclusory allegations of negligence on the part of the third-party defendant. There are no factual allegations in the complaint sufficient to state a cause of action for contribution and/or indemnification. Thus, the Supreme Court properly dismissed the third-party complaint for failure to state a cause of action. Joy, J. P., Krausman, H. Miller and Feuerstein, JJ., concur.