■ EKLECCO, Formerly Known as PYRAMID COMPANY OF ROCKLAND, Appellant, v NICHOLAS LONGO, as Assessor for the Town of Clarkstown, et al., Respondents. [704 NYS2d 626] —In an action, inter alia, for a judgment declaring that the assessment, imposition, and collection of real estate taxes by the defendants is unconstitutional, the plaintiff appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Rockland County (Meehan, J.), entered March 2, 1999, as, upon converting that part of the complaint which alleged that the plaintiff was denied due process before the Board of Assessment Review into a proceeding pursuant to CPLR article 78, granted so much of the defendants' motion which was to dismiss that part of the complaint and dismissed the proceeding.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was to dismiss that part of the complaint which alleged that the plaintiff was denied due process before the Board of Assessment Review is denied.

The plaintiff did not waive its objection to the active role of the independent appraiser of its property at the Board of Assessment Review hearing, since it was unaware at that time that the appraiser had a financial interest in the outcome of the proceeding (see, Frank Corp. v Federal Ins. Co., 70 NY2d

966, 968). Moreover, the Supreme Court improperly dismissed the plaintiff's cause of action alleging a violation of its due process rights, as the plaintiff alleged facts which tended to show bias and were not "flatly contradicted by documentary evidence" (*Gertler v Goodgold,* 107 AD2d 481, 485, *affd* 66 NY2d 946; *see, Tumey v Ohio,* 273 US 510; *Leon v Martinez,* 84 NY2d 83, 87-88; *Matter of Beer Garden v New York State Liq. Auth.,* 79 NY2d 266; *Doria v Masucci,* 230 AD2d 764).

The remaining contentions are without merit. Santucci, J. P., Joy, Thompson and S. Miller, JJ., concur.