■ ALFRED RATTENNI, Respondent, v RALPH F. CERRETA, Also Known as TONY CERRETA, Appellant. [728 NYS2d 401] —In an action, *inter alia*, to recover damages for fraud, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), entered July 10, 2000, as denied those branches of his motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the branches of the motion which are to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7) are granted, and the complaint is dismissed.

In the complaint, which was filed in February 2000, the plaintiff alleged that the defendant, while in the employ of a corporation wholly owned by the plaintiff, "diverted monies rightfully belonging to the Plaintiff." These acts allegedly "[c]ommenc[ed] in June of 1991 and continu[ed] thereafter for a period of approximately five (5) years." Based upon these allegations, the plaintiff asserted causes of action sounding in breach of contract, fraud, and breach of fiduciary duty.

When considering a motion to dismiss a complaint for failure to state a cause of action, the facts pleaded are presumed to be

true and are to be accorded every favorable inference. However, "bare legal conclusions as well as factual claims flatly contradicted by the record are not entitled to any such consideration" (*Mayer v Sanders,* 264 AD2d 827, 828; *see, Morone v Morone,* 50 NY2d 481; *Doria v Masucci,* 230 AD2d 764). Here, the facts set forth in the complaint alleged no more than a cause of action to recover damages for conversion (*see, Meese v Miller,* 79 AD2d 237) which is barred by the applicable three-year Statute of Limitations (*see,* CPLR 214 [4]). The cause of action alleging fraud is merely incidental to the conversion and thus the only purpose it serves is to avoid the three-year Statute of Limitations (*see, Gold Sun Shipping v Ionian Transp.,* 245 AD2d 420; *Garber v Ravitch,* 186 AD2d 361).

The complaint does not allege facts which establish that any fiduciary duty existed between the parties. In any event, since the legal remedy for conversion would have afforded the plaintiff full and complete relief, the cause of action alleging breach of fiduciary duty should be dismissed based upon the three-year Statute of Limitations governing conversion (*see, Gold Sun Shipping v Ionian Transp., supra*). The complaint cannot be construed to state a viable cause of action sounding in breach of contract since it does not allege any contractual provision upon which this claim is based (*see, Atkinson v Mobil Oil Corp.,* 205 AD2d 719).

Accordingly, since the complaint fails to state any cause of action other than conversion, which is time-barred, the defendant is entitled to dismissal of the complaint (*see,* CPLR 3211 [a] [5], [7]). Santucci, J. P., Florio, Schmidt and Adams, JJ., concur.