■ SHANTANU MOHAN, Appellant, v JACK L. HOLLANDER et al., Respondents. [756 NYS2d 615] —In an action, inter alia, to recover damages for conversion and legal malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (O'Connell, J.), entered December 26, 2001, which denied his motion for leave to further amend the amended complaint, and granted the motion of the defendants Jack L. Hollander, Robert L. Rattet, and Rattet, Hollander & Pasternak, LLP, and the separate motion of the defendants D. Bernard Hoenig and Hoenig & Hoenig to dismiss the amended

complaint insofar as asserted against them pursuant to, inter alia, CPLR 3211 (a) (1), (5), and (7).

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

When considering a motion to dismiss a complaint for failure to state a cause of action, the court must presume the facts pleaded to be true and accord them every favorable inference (*see Rattenni v Cerreta,* 285 AD2d 636 [2001]). However, "bare legal conclusions as well as factual claims flatly contradicted by the record are not entitled to any such consideration" (*Mayer v Sanders,* 264 AD2d 827, 828 [1999]). At bar, the facts set forth in the complaint allege no more than causes of action to recover damages for conversion and legal malpractice, which are barred by the applicable three-year statute of limitations (*see* CPLR 214 [4], [6]). Since the causes of action alleging fraud are merely incidental to the conversion and legal malpractice claims, the only purpose they serve is to circumvent the three-year statute of limitations (*see Gold Sun Shipping v Ionian Transp.,* 245 AD2d 420, 421 [1997]). The Supreme Court therefore properly granted the respondents' separate motions to dismiss the amended complaint insofar as asserted against them.

Further, the Supreme Court properly denied the plaintiff's motion for leave to further amend the amended complaint. Although leave to amend should be freely granted (*see* CPLR 3025 [a]), the movant must make some evidentiary showing that the proposed amendment has merit (*see Curran v Auto Lab Serv. Ctr.,* 280 AD2d 636, 637 [2001]). Otherwise, the amendment will not be permitted (*see Heckler Elec. Co. v Matrix Exhibits-N.Y.,* 278 AD2d 279 [2000]). A review of the proposed amended complaint demonstrates that it fails to state a cause of action. Moreover, the proposed amended complaint was not verified by a party, and the only evidence in support of the amendment was an affirmation from counsel, who lacked personal knowledge of the factual basis for the proposed amendment (*see Morgan v Prospect Park Assoc. Holdings,* 251 AD2d 306 [1998]).

The plaintiff's remaining contentions are without merit. Goldstein, J.P., Adams, Townes and Crane, JJ., concur.