■ HUGH GERSHON, Respondent-Appellant, v JUDITH GOLDBERG et al., Appellants-Respondents. [817 NYS2d 322]—

In an action to recover damages for malicious prosecution,

abuse of process, defamation, and prima facie tort, (1) the defendants Judith Goldberg and Frederick Goldberg appeal, and the defendants George P. Frooks, individually and doing business as Frooks & Frooks, and Frooks & Frooks separately appeal, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered March 14, 2005, as denied those branches of their respective motions which were to dismiss the cause of action to recover damages for malicious prosecution, and the plaintiff cross-appeals from so much of the same order as granted those branches of the respective motions which were to dismiss the causes of action to recover damages for abuse of process, defamation, and prima facie tort, and (2) the defendants separately appeal from so much of an order of the same court dated July 7, 2005, as denied that branch of their motion which was for leave to renew.

Ordered that the order entered March 14, 2005 is affirmed; and it is further,

Ordered that the order dated July 7, 2005 is reversed insofar as appealed from, on the facts and as a matter of discretion, that branch of the defendants' motion which was for leave to renew is granted and, upon renewal, those branches of the motions which were to dismiss the cause of action to recover damages for malicious prosecution are granted; and it is further,

Ordered that one bill of costs is awarded to the defendants.

"In considering a motion to dismiss for failure to state a cause of action (*see,* CPLR 3211 [a] [7]), the pleadings must be liberally construed (*see,* CPLR 3026). The sole criterion is whether 'from [the complaint's] four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law' (*Guggenheimer v Ginzburg,* 43 NY2d 268, 275; *see also Bovino v Village of Wappingers Falls,* 215 AD2d 619). The facts pleaded are to be presumed to be true and are to be accorded every favorable inference, although bare legal conclusions as well as factual claims flatly contradicted by the record are not entitled to any such consideration (*see, Morone v Morone,* 50 NY2d 481; *Gertler v Goodgold,* 107 AD2d 481, *affd* 66 NY2d 946). 'When evidentiary material is considered, the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one' (*Guggenheimer v Ginzburg, supra,* at 275). This entails an inquiry into whether or not a material fact claimed by the pleader is a fact at all and whether a significant dispute exists regarding it (*see Guggenheimer v Ginzburg, supra,* at 275; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3211:25, at 39)" (*Doria v Masucci,* 230 AD2d 764, 765 [1996]; *see Mohan v*

*Hollander,* 303 AD2d 473, 474 [2003]; *Rattenni v Cerreta,* 285 AD2d 636, 637 [2001]; *Mayer v Sanders,* 264 AD2d 827, 828 [1999]; *Sotomayor v Kaufman, Malchman, Kirby & Squire,* 252 AD2d 554 [1998]).

Here, the Supreme Court improvidently exercised its discretion in denying that branch of the motion which was for leave to renew, as the defendants provided a reasonable excuse for their failure to offer the evidence on the original motion (*see Hasmath v Cameb,* 5 AD3d 438, 439 [2004]; CPLR 2221 [e]). Further, the new facts established that the plaintiff did not allege facts sufficient to demonstrate the requisite element of special injury in connection with her cause of action to recover damages for malicious prosecution (*see Engel v CBS, Inc.,* 93 NY2d 195, 205 [1999]).

The parties' remaining contentions are without merit. Schmidt, J.P., Krausman, Spolzino and Fisher, JJ., concur.