■ LEE LUTZ, Appellant, v JOSEPH CARACAPPA et al., Respondents. [828 NYS2d 426]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated June 9, 2005, as granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (7) to dismiss the third cause of action alleging tortious interference with contract insofar as asserted against the defendants Joseph Caracappa and Joseph Sawicki, Jr., in their individual capacities.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

On a motion to dismiss pursuant to CPLR 3211 (a) (7), although the facts pleaded are to be presumed to be true and are to be accorded every favorable inference, "bare legal conclusions as well as factual claims flatly contradicted by the record are not entitled to any such consideration" (see *Doria v Masucci,* 230 AD2d 764, 765 [1996]; *also Mayer v Sanders,* 264 AD2d 827 [1999]). Here, the record clearly shows that any actions allegedly undertaken by the defendants Joseph Caracappa and Joseph Sawicki, Jr., were done solely in their capacities as Suffolk County officials. Since an agent cannot be held liable for inducing his or her principal to breach a contract with a third person when that agent is acting on behalf of the principal and within the scope of the agent's authority (see *Nu-Life Constr. Corp. v Board of Educ. of City of N.Y.,* 204 AD2d 106 [1994]; *Kartiganer Assoc. v Town of New Windsor,* 108 AD2d 898, 899 [1985]; *cf. Burger v Brookhaven Med. Arts Bldg.,* 131 AD2d 622 [1987]), the Supreme Court properly dismissed the plaintiff's third cause of action alleging tortious interference with contract insofar as asserted against the defendants Joseph Caracappa and Joseph Sawicki, Jr., in their individual capacities. Miller, J.P., Krausman, Fisher and Dillon, JJ., concur.