■ HILARY CORMAN, Respondent, v STEPHEN D. LAFOUNTAIN, Appellant. [835 NYS2d 201]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Suffolk County (Burke, J.), dated November 2, 2005, which denied his motion pursuant to CPLR 3211 to dismiss the complaint and granted the plaintiff's cross motion for leave to file an amended complaint.

Ordered that the order is reversed, on the law, with costs, the motion to dismiss the complaint is granted, and the cross motion for leave to file an amended complaint is denied.

The Supreme Court erred in granting the plaintiff's cross motion for leave to amend the complaint. Although leave to amend a complaint should be freely granted (*see* CPLR 3025 [b]; *Henderson v Gulati*, 270 AD2d 308 [2000]), when a proposed amendment is devoid of merit or fails to state a cause of action, leave to amend should be denied (*see Guzov v Manor Lodge Holding Corp.*, 13 AD3d 482 [2004]; *Mohan v Hollander*, 303 AD2d 473 [2003]). Here, while the plaintiff sought to amend the complaint to claim that she contracted with the defendant Stephen D. LaFountain personally, the contract at issue is clear and unambiguous that the plaintiff contracted with Stephen LaFountain Carpentry, LLC (hereinafter the LLC). When an agreement is clear and complete on its face, it should be enforced according to its terms without looking to extrinsic evidence to create ambiguities (*see South Rd. Assoc., LLC v International Bus. Machs. Corp.*, 4 NY3d 272, 277 [2005]; *W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 162 [1990]). The contract further provides that any work commenced prior to the formation of the LLC and the execution of the contract is encompassed by its terms, which apply only to the LLC and not to LaFountain personally. Therefore, the plaintiff has no valid contract cause of action against LaFountain personally (*see Star Video Entertainment v J & I Video Distrib.*, 268 AD2d 423 [2000]; *Perma Pave Contr. Corp. v Paerdegat Boat & Racquet Club*, 156 AD2d 550 [1989]), and the proposed amended complaint was devoid of merit.

The Supreme Court should have granted LaFountain's motion to dismiss the complaint. Since the plaintiff claims that LaFountain is the alter ego of the LLC, the LLC is a necessary party to this action (*see* CPLR 1001). However, the LLC filed for bankruptcy protection in November 2004 and the plaintiff cannot maintain her alter ego claim outside of the bankruptcy proceedings (*see St. Paul Fire & Mar. Ins. Co. v PepsiCo, Inc.,* 884 F2d 688, 701-704 [1989]). Contrary to the plaintiff's contentions, there was no showing in the record that the bankruptcy trustee abandoned the claim, which therefore remains property of the bankruptcy estate (*see* 11 USC § 554).

The plaintiff's remaining contentions are without merit. Schmidt, J.P., Skelos, Lifson and Covello, JJ., concur.