■ George Nickel, Appellant, v Goldsmith & Tortora, Attorneys at Law, P.C., Respondent. [867 NYS2d 704]—

The Supreme Court correctly, in effect, granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (5) as time-barred. The plaintiff's cause of action to recover damages for legal malpractice is subject to a three-year statute of limitations (*see* CPLR 214 [6]). Since the cause of action accrued no later than May 2002 and was not interposed until June 2007 it was time-barred (*see McCoy v Feinman,* 99 NY2d 295, 301 [2002]; *Glamm v Allen,* 57 NY2d 87, 93 [1982]). The toll of the limitations period provided by CPLR 208 is available "to only those individuals who are unable to protect their legal rights because of an over-all inability to function in society" (*McCarthy v Volkswagen of Am.,* 55 NY2d 543, 548 [1982]; *Santo B. v Roman Catholic Archdiocese of N.Y.,* 51 AD3d 956, 958 [2008]). The conclusory assertions of the plaintiff's psychologist, who first treated the plaintiff in May 2005, are insufficient to satisfy this standard.

The plaintiff's remaining cause of action, which was to recover damages for fraud, was merely incidental to the cause of action to recover damages for legal malpractice and was asserted only to avoid the three-year statute of limitations with

respect to a cause of action to recover damages for legal malpractice (*see Brick v Cohn-Hall-Marx Co.*, 276 NY 259, 264 [1937]; *Powers Mercantile Corp. v Feinberg*, 109 AD2d 117, 120 [1985], *affd* 67 NY2d 981 [1986]). Accordingly, that cause of action also was properly dismissed (*see Mohan v Hollander*, 303 AD2d 473, 474 [2003]). Spolzino, J.P., Angiolillo, Dickerson and Belen, JJ., concur.