■ Henry B. Silverman et al., Appellants, v Harry Nicholson et al., Respondents. [975 NYS2d 416]—

In an action, inter alia, to recover damages for breach of contract and unjust enrichment, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), dated February 23, 2012, as granted the defendants' motion pursuant to CPLR 3211 (a) to dismiss the complaint, and denied their cross motion for summary judgment on the first and second causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), although the facts pleaded are presumed to be true and are to be accorded every favorable inference, " 'bare legal conclusions as well as factual claims flatly contradicted by the record are not entitled to any such consideration' " (*Lutz v Caracappa*, 35 AD3d 673, 674 [2006], quoting *Doria v Masucci*, 230 AD2d 764, 765 [1996]). Here, the record clearly shows that the assessment imposed by the defendants upon the plaintiffs for legal fees was effected by the defendants solely in their capacity as members of the Board of Directors of the Wells Creek Home Owner's Association. The plaintiffs failed to adequately allege any independent torts against the defendants in their individual capacities (*see generally Levin v Kitsis*, 82 AD3d 1051, 1053 [2011]; *Kats v East 13th St. Tifereth Place, LLC*, 73 AD3d 706, 708 [2010]; *Rosen v Watermill Dev. Corp.*, 1 AD3d 424, 425 [2003]). Accordingly, the Supreme Court properly granted the defendants' motion to dismiss the complaint, and properly denied the plaintiffs' cross motion for summary judgment on the first and second causes of action. Dillon, J.P., Dickerson, Hall and Austin, JJ., concur. **[Prior Case History: 2012 NY Slip Op 30602(U).]**