◼ PAMELA RHODES, Individually, as Temporary Administrator of the Estate of CLEO L. RHODES, Deceased, and as Trustee of the CLEO L. RHODES REVOCABLE TRUST, et al., Appellants, v BARRY K. HONIGMAN, Respondent. [16 NYS3d 324]—

In an action to recover damages for legal malpractice, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Winslow, J.), entered August 29, 2013, which granted the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

In July 2007, the decedent and his wife retained the legal services of the defendant for estate planning purposes. On November 19, 2007, the decedent executed a revocable living

trust (hereinafter the trust), the terms of which included specific directives as to the proportional distribution of assets upon his and his wife's respective deaths, and identified the wife as trustee and named one of the daughters as a successor trustee upon the happening of certain events. The trust, which was prepared by the defendant, provided that, upon the decedent's death, the remaining principal and accumulated income would be held in trust for the benefit of the decedent's wife and that, upon his wife's death, the remainder would be distributed in prescribed amounts to various named charities, and to the decedent's daughters by a previous marriage, with two of the daughters each receiving a designated percentage, and another daughter receiving a specific sum of $25,000. The decedent died on July 15, 2009. Certain amendments to the trust, executed shortly before the decedent's death, are the subject of litigation in a proceeding that was pending in Surrogate's Court, Nassau County, under file No. 357224, at the time this appeal was perfected.

The plaintiffs alleged that the defendant committed legal malpractice in his drafting of the trust by providing that the wife would be a cotrustee of the trust, whereby she would have the power to transfer all or part of the principal to herself, thereby divesting the decedent's daughters of their dispositions.

The Supreme Court properly granted those branches of the defendant's motion pursuant to CPLR 3211 (a) which were to dismiss the causes of action asserted by the decedent's three daughters in their individual capacities for lack of standing. Lack of privity with an estate planning attorney is a bar against a beneficiary's claims of legal malpractice against that attorney absent fraud, collusion, malicious acts, or other special circumstances (see *Estate of Schneider v Finmann*, 15 NY3d 306, 310 [2010]), none of which are alleged in this case.

Those branches of the defendant's motion which were to dismiss the remaining causes of action were also properly granted. On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the facts pleaded are presumed to be true and are to be accorded every favorable inference, but "bare legal conclusions as well as factual claims flatly contradicted by the record are not entitled to any such consideration" (*Silverman v Nicholson*, 110 AD3d 1054, 1055 [2013] [internal quotation marks omitted]; see *Lutz v Caracappa*, 35 AD3d 673, 674 [2006]; *Doria v Masucci*, 230 AD2d 764, 765 [1996]).

"To state a cause of action to recover damages for legal mal-

practice, a plaintiff must allege (1) that the attorney failed to exercise the care, skill, and diligence commonly possessed and exercised by a member of the legal profession, and (2) that such negligence was a proximate cause of the actual damages sustained" (*Randazzo v Nelson*, 128 AD3d 935, 937 [2015]). A plaintiff must plead actual, ascertainable damages resulting from the attorney's negligence (*see id.*). Conclusory or speculative allegations of damages are insufficient (*see id.*; *Hashmi v Messiha*, 65 AD3d 1193, 1195 [2009]). However, "[a] plaintiff is not obligated to show, on a motion to dismiss, that it actually sustained damages. It need only plead allegations from which damages attributable to the defendant's malpractice might be reasonably inferred" (*Rock City Sound, Inc. v Bashian & Farber, LLP*, 74 AD3d 1168, 1171 [2010]; *see Randazzo v Nelson*, 128 AD3d at 937).

Here, the complaint did not allege sufficient facts to state a cause of action to recover damages for legal malpractice because the plaintiffs failed to sufficiently plead allegations from which damages attributable to the defendant's malpractice might be reasonably inferred. With respect to the causes of action asserted on behalf of the trust, the allegations of injury are based upon what the trust permitted the wife to do, with no allegation of her specific intentions or acts with respect thereto, and thus "the damages sought are speculative and incapable of being proven" (*Giambrone v Bank of N.Y.*, 253 AD2d 786, 787 [1998]; *see Bua v Purcell & Ingrao, P.C.*, 99 AD3d 843, 847-848 [2012]). With respect to the causes of action asserted on behalf of the decedent's estate, the complaint does not allege facts sufficient to support a claim that the defendant's negligence proximately caused injury to the estate (*see Barker v Amorini*, 121 AD3d 823 [2014]; *Wald v Berwitz*, 62 AD3d 786, 787 [2009]; *Cummings v Donovan*, 36 AD3d 648, 649 [2007]).

In light of the foregoing, the parties' remaining contentions have been rendered academic. Dillon, J.P., Chambers, Hall and Duffy, JJ., concur.