Francine Mory, Appellant,
against
Wells Fargo Mortgage Subpoena Dept., Respondent. 




Francine Mory, appellant pro se.
Reed Smith, LLP (David Murphy and Ethan Butlner of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Richmond County (Philip S. Straniere, J.), entered October 25, 2017. The order granted defendant's motion to dismiss the complaint.




ORDERED that the order is affirmed, without costs.
By summons with endorsed complaint dated July 12, 2017, plaintiff commenced this action seeking $10,000, alleging only that "We are having mortgage overpaid dispute with Wells Fargo Bank." On or about August 17, 2017, defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (7) or, in the alternative, to require plaintiff to file and serve a more definite complaint. Defendant submitted the satisfaction of mortgage, which had been recorded by the Richmond County Clerk on October 7, 2016. In her affidavit in opposition, plaintiff stated that defendant had accused her of missing a mortgage payment and then had overcharged her when it had improperly taken the payment out of her bank account. Attached to plaintiff's opposition was a letter from the New York State Department of Financial Services (DFS) dated June 21, 2017 in which DFS explained to plaintiff that she had missed a mortgage payment in January of 2004 and that it would be due at maturity. Plaintiff did not submit any document showing any payment taken by defendant from her bank account after the satisfaction of the mortgage. By order [*2]entered October 25, 2017, the Civil Court granted defendant's motion to dismiss the complaint.
On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the facts pleaded in the complaint are presumed to be true in order to determine whether the allegations fit within any cognizable legal claim (see Morone v Morone, 50 NY2d 481 [1980]; Perl v Smith Barney, 230 AD2d 664 [1996]). However, where the allegations consist of bare legal conclusions or factual claims that are flatly contradicted by the record, they are not entitled to such consideration (see Mohan v Hollander, 303 AD2d 473 [2003]; Mayer v Sanders, 264 AD2d 827 [1999]). Here, the facts alleged in plaintiff's complaint do not state a cognizable legal claim against defendant, as the documentary evidence plaintiff submitted in opposition to the motion contradicted her argument in that it demonstrated that plaintiff had missed a payment due, which amount was subsequently properly withdrawn from her bank by defendant in order to satisfy her mortgage. Thus, the complaint failed to state a cause of action.
Accordingly, the order is affirmed.
ALIOTTA, J.P., PESCE and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 09, 2019