Gardner v GoDaddy.Com, LLC (2025 NY Slip Op 50508(U))

[*1]

Gardner v GoDaddy.Com, LLC

2025 NY Slip Op 50508(U)

Decided on April 4, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 4, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, MARINA CORA MUNDY, JJ

2024-615 K C

Helen Gardner, Appellant,
against
GoDaddy.Com, LLC, Respondent. 

Helen Gardner, appellant pro se.
Cozen O'Connor (Jeffrey M. Monhait of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Javier Ortiz, J.), entered May 22, 2024. The order granted defendant's motion to dismiss the complaint.

ORDERED that the order is affirmed, without costs.
Plaintiff commenced this action to recover for breach of contract and for false advertising and deceptive acts under (1) General Business Law §§ 349, 350 and 349-c, (2) the Federal Trade Commission Act (15 USC § 45), and (3) the Lanham Act (15 USC § 1125). Plaintiff alleged that she entered into a contract with defendant for the purchase of a domain name to use from September 2022 through September 2024, and that when she went online in May of 2023 and typed in her domain name, the screen showed "parked free courtesy of GoDaddy.com" and "Get This Domain." Defendant moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7). In an order entered May 22, 2024, the Civil Court (Javier Ortiz, J.) granted the motion, and we affirm.
On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), a court must "accept the facts as alleged in [a] complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]; see Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137 [2017]; Breytman v Olinville Realty, LLC, 54 AD3d 703 [2008]). "[A]ny deficiencies in the complaint may be amplified by supplemental pleadings and other evidence" (AG Capital Funding Partners, L.P. v State St. Bank & Trust Co., 5 NY3d 582, 591 [2005]; see Rovello v Orofino Realty Co., 40 NY2d 633 [1976]).
In order for plaintiff to plead a breach of contract cause of action, a complaint must allege [*2]the terms of the contract upon which the claim is based (see Atkinson v Mobil Oil Corp., 205 AD2d 719 [1994]; see also Maldonado v Olympia Mech. Piping & Heating Corp., 8 AD3d 348 [2004]; Rattenni v Cerreta, 285 AD2d 636 [2001]; see also CPLR 3013). Plaintiff failed to allege how defendant breached the terms of a contract, failed to submit any contract in opposition to the motion, and failed to allege how she was damaged (see Dee v Rakower, 112 AD3d 204 [2013]). Consequently, plaintiff failed to state a cause of action for breach of contract.
Plaintiff's complaint also failed to state a cause of action under sections 349 and 350 of the General Business Law as there were no allegations to establish false advertising or deceptive acts that were likely to mislead a reasonable consumer acting reasonably under the circumstances (see Blue Cross & Blue Shield of N.J., Inc. v Philip Morris USA Inc., 3 NY3d 200 [2004]; Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank, 85 NY2d 20 [1995]). As General Business Law § 349-c does not create any cause of action, but, rather, only adds civil penalties where other provisions of the General Business Law are violated, there is no viable cause of action under General Business Law § 349-c.
Plaintiff also failed to state a claim under the Federal Trade Commission Act (15 USC § 45) as that section affords no private right of action and only permits the commission to file a claim (see FTC v Klesner, 280 US 19 [1929]).
Finally, plaintiff failed to state a claim under the Lanham Act (15 USC § 1125), which prescribes liability for false advertising to commercial advertising and promotion, as plaintiff did not allege commercial speech by a defendant who is in commercial competition with plaintiff for the purpose of influencing consumers to buy that defendant's goods or services (see Tobinick v Novella, 848 F3d 935 [11th Cir 2017]).
Accordingly, the order dismissing the complaint is affirmed.
TOUSSAINT, P.J., BUGGS and MUNDY, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: April 4, 2025