Harry T. Nusbaum, J.
The plaintiff in this action seeks to récover money damages for the alleged wrongful sale of his motorcycle by the Property Clerk of the City of New York.
Subsequent to the joining of issue in this matter the plaintiff was sentenced on a felony charge and is now serving that sentence in the Clinton Correctional Facility at Dannemora, New York, a State prison.
The defendant, by oral motion at the opening of the trial, without prior notice to the plaintiff, moved for the dismissal of *428 the plaintiff’s canse of action on the ground that the plaintiff does not have the legal capacity to sue, citing section 79 of the New York Civil Rights Law, which suspends the civil rights of convicts while in prison. Motion was also made to dismiss the action on the ground that the plaintiff failed to serve a timely notice of claim pursuant to the provisions of section 50-e of the General Municipal Law. The latter motion was denied and the reasons for such denial will be commented tipon later in this opinion. Decision was reserved on the motion to dismiss, by reason of the provisions of section 79 of the New York Civil Rights Law. Obviously this motion must first be disposed of before any consideration can be given to the merits of this action.
It is the opinion of this court that the defendant’s motion was not timely made and .must, therefore, be denied. C'RLR 3211 entitled, “ Motion to dismiss,” provides under paragraph 3 of subdivision (a) that a party may move for judgment dismissing a cause of action on the ground the party asserting theeause of action has no legal capacity to sue. Subdivision (e) of this section provides that the motion to dismiss on this ground shall be made before issue is joined or, in the alternative, in the responsive pleading. Plaintiff’s alleged incapacity to sue, having arisen subsequent to this period of time, the defendant had an opportunity to move to amend his answer so as to assert this as an affirmative defense (CPLR 3025, subd. [b]). Having failed to do so, he is now precluded from making this motion. The defendant’s attempt to prevent plaintiff from maintaining his cause of action at this late date will not and cannot be condoned by this court.
Aside from the above-stated procedural reason for the denial of this motion, the motion must be denied on its merits. Section 79 of the New York Civil Rights Law, which suspends the civil rights of an imprisoned felon, should not be construed so as to prevent a plaintiff, who has commenced an action in which iásue has already been joined, from continuing to maintain the action. Section 79-b of the New York Civil Rights Law provides as follows: “ A conviction of a person for.any crime, does not work a forfeiture of any property, real ot¡ personal or any right or interest therein.”
'Surely a denial of plaintiff’s right to continue to prosecute his cause of action during his imprisonment serves as a forfeiture of a property right not intended by the Civil Rights Law. As the court said in Matter of Weber (165 Misc. 815, 816), “ There is no doubt that the-use of court process is a civil right. *429 * * * Yet a literal proscription of use by a convict of all civil process under any and all circumstances would eventuate in forfeiture of property rights of convicts. No such forfeitures are.today among the penalties inflicted upon felons.”
The cases cited by the defendant in his trial memorandum of law are not apposite. These cases are distinguishable from the case at bar because either the suit was commenced while the plaintiff was already incarcerated (Lynch v. Quinlan, 65 Misc 2d 236; Matter of Weber, 165 Misc. 815, supra) or the cause of action accrued while he was actually serving time in a State prison (O’Brien v. McGinnis, 63 Misc 2d 170; Kugel v. Kalik, 176 Misc. 49; Matter of Cirello, 50 Misc 2d 1007). In the case at bar the cause of action was commenced and issue was joined prior to the sentencing of the plaintiff on a charge wholly unrelated to this cause of action, and I am not persuaded that the plaintiff should be enjoined from continuing it until its conclusion, or that his rights therein should be suspended during his incarceration in a State prison.
In Nastasi v. State of New York (186 Misc. 1051, 1056) decided in 1946 and cited by the defendant in support of its position, the court held that a claim against the State which is filed prior to the time claimant was under a disability is a “ vested right of action ” and is not forfeited by claimant’s subsequent imprisonment. Notwithstanding the fact that imprisonment in a State prison suspends a convict’s right to sue, a “ vested right of action ” is property in the same sense in which tangible things are property, and is equally protected against arbitrary interference. Whether it springs from contract or from the principles of common law, it is not competent for the legislature to take it away ” (Pritchard v. Norton, 106 U. S. 124, 132). Section 79-b of the New York Civil Rights Law reflects the intent on the Legislature to protect the property rights of an imprisoned felon and it is my opinion that such protection should be extended to include the right to continue a cause of action which was commenced prior to the- incarceration of the plaintiff.
As stated by Justice Walter in Shapiro v. Equitable Life Assur. Soc. of U. S. (182 Misc. 678, 681): “ To direct final dismissal of a suit to enforce an obligation which accrued or a property right which vested before civil death occurred is equivalent to treating civil death as having operated to divest the convict of his property, and equivalent, also, to directing a forfeiture of the convict’s property, for there plainly is no substantial difference between declaring a forfeiture in express terms and denying any right to recover property in the adverse *430 possession of another or any, right to enforce a vested cause of action.”
In this enlightened age, when the protection of-an individual’s civil rights is of deep concern not only to the courts but to society at large, I am of the belief that the decision in the Nastasi case (186 Misc. 1051, supra) must be carried one step further. I therefore hold that where an imprisoned felon begins a cause of action and issue is joined therein, prior to his imprisonment, his ‘‘vested right of action” is not suspended but may be prosecuted by him to its conclusion. Justice if delayed too long may in effect bring about a forfeiture, and this is especially true in the case of felons who because of long prison terms may thus be deprived of accrued property rights. Justitia nón est ne ganda non differentia.
A resolution of the substantive issues in this pase is relatively simple. The matter was submitted on stipulated facts on the issue of liability and proof was taken on the question of damages. Under the facts, as stipulated, the defendant, the Police Property Clerk of the City of New York, admits that the motorcycle in question, after having been reported stolen, was recovered by the police and placed in a police warehouse or pound. The plaintiff was notified of its recovery, identified the vehicle at the pound and was advised to wait for its release. While he was so waiting the motorcycle was sold at public auction, allegedly by mistake, by the Police Property Clerk for approximately $700, a sum substantially less than its actual value. The mistakes and laxity which seem to occur with notable frequency in the operation of the Police Property Clerk’s office have been the subject of much unfavorable publicity of late. Whether the criticism is justified or not, is not relevant to the case at bar, except -as it may affect the issue of due care in connection with the Property Clerk’s handling of the motorcycle as a bailee.
It is the opinion of this court that when the Police Property Clerk recovered the motorcycle, it became a bailee, charged with the duty of exercising, if not'reasonable care, at leash some degree of care commensurate with the bailor-bailee relationship. The unexplained placing of the motorcycle in with other items which were being sold at public auction bespeaks of such carelessness and negligence as to constitute a breach of the bailment and to render the Police Property Clerk liable for its loss. No attempt was made to introduce evidence to explain or excuse the breach of bailment, other than the plea of mistake. The mistake pleaded, standing by itself, is not an excuse or explanation, but rather an admission of gross-negligence.
*431 I further find that the plaintiff’s cause of action did not arise until after demand by him for the motorcycle and notification to him that it would or could not be returned to him. No evidence was introduced by the Police Property Clerk as to the date when such notification took place, and it would appear that no formal notification was ever sent to the plaintiff advising him the motorcycle was no longer in their possession. Because of the confusion which exists as to when the plaintiff was finally notified, allegedly orally, that his motorcycle would not be returned to him, I find that the notice of claim was timely filed pursuant to the provisions of section 50-e of the General Municipal Law. Certainly, until the return of his property was definitely refused or denied to him, no cause of action arose. Any other ruling would serve as a reward for delay and evasion by city officials during the 90-day statutory period for filing claims, and work an unconscionable hardship on individuals not represented by counsel who are unfamiliar with the 90-day provision.
Accordingly, the defendant’s motion to dismiss the plaintiff’s cause of action is denied. From the evidence adduced during the trial, I find that the reasonable value of the motorcycle at the time it was placed in the custody of the Police Property Clerk to be the sum of $1,250 and accordingly grant judgment in that amount to the plaintiff, with interest from July 9, 1971.