■ FELIX BERMAN, Appellant, v MORRIS GOLDSMITH, Respondent.—In an action, *inter alia,* for replevin and to recover damages for conversion, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Levitt, J.), entered March 10, 1987, as granted the defendant's motion to dismiss the complaint to the extent of dismissing the plaintiff's causes of action sounding in conversion and replevin.

Ordered that the order is affirmed insofar as appealed from, with costs.

The three-year Statute of Limitations period, applicable in conversion and replevin actions (CPLR 214 [3]), ordinarily runs from the date the conversion takes place. However, where possession is originally lawful, a demand is necessary. The period within which the action must be commenced is computed from the time when the right to make the demand is complete *(see,* CPLR 206 [a]; *Al-Roc Prods. Corp. v Union Dime Sav. Bank,* 74 AD2d 834, *appeal dismissed* 50 NY2d 928; *Federal Ins. Co. v Fries,* 78 Misc 2d 805; 23 NY Jur 2d, Conversion, § 62).

In the instant action, the plaintiff's right to demand the relinquishment of the subject chattel was complete on December 14, 1982, the date it was sold to the defendant at a Sheriff's sale. Therefore, the plaintiff's causes of action sounding in conversion and replevin, which were interposed in September of 1986, were properly deemed to be barred by the three-year limitations period. Bracken, J. P., Brown, Lawrence and Kooper, JJ., concur.