■ RAVEN ELEVATOR CORP., Appellant, v CITY OF NEW YORK, Respondent. [739 NYS2d 28] —Order, Supreme Court, New York County (Joan Madden, J.), entered on or about January 18, 2001, which granted the motion of defendant-respondent City of New York for summary judgment dismissing the complaint, and denied the cross motion of plaintiff-appellant Raven Elevator Corp. to amend its complaint and supplement or amend its notice of claim, unanimously affirmed, without costs.

Raven seeks recovery on two claims against the Department of Housing Preservation and Development (HPD) for work performed between 1986 and 1988. Its claim for work it performed as a subcontractor on a project at 1580 Amsterdam Avenue was properly dismissed, since a subcontractor does not have standing to assert claims for breach of contract in lieu of the general contractor, in the absence of an assignment (*see*, *Eastern States Elec. Contrs. v William L. Crow Constr. Co.*, 153 AD2d 522), and Raven, its contention to the contrary notwithstanding, was not the general contractor for the project.

The motion court also properly exercised its discretion in denying Raven leave to amend its complaint to assert causes of action for an account stated, unjust enrichment, and to recover

as a third-party beneficiary, since such claims were plainly without merit. The contract between Raven and the construction manager, Ambrose & Associates, as well as the terms contained within the bid documents, made clear that subcontractors, such as Raven, would not have any recourse against the City.

With regard to those claims relating to projects for which Raven was the general contractor, Raven's communication to the City, identifying only the amount claimed, was so wanting in detail as to fail to constitute a notice of claim within the meaning of Administrative Code of the City of New York § 7-201 (a), and since such notice is a condition of maintaining an action against the City, the subject claims were properly dismissed. Concur—Williams, J.P., Lerner, Buckley, Friedman and Marlow, JJ.