█ In the Matter of LILIANA RAMIREZ, Appellant, v CITY OF WHITE PLAINS et al., Respondents. [761 NYS2d 522] —In a proceeding, inter alia, in effect, pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered January 10, 2002, which denied the petition.

Ordered that the order is modified, on the facts and as a matter of discretion, by deleting the provision thereof denying that branch of the petition which was, in effect, for leave to serve a late notice of claim with respect to the City of White Plains and substituting therefor a provision granting that branch of the petition and deeming the notice of claim to be served on the City of White Plains; as so modified, the order is affirmed, with one bill of costs payable by the City of White Plains to the County of Westchester.

The petitioner's letter dated May 30, 2001, delivered to the City of White Plains Law Department, satisfied the statutory requirements for a notice of claim (*see* General Municipal Law § 50-e [2]).

The City of White Plains Police Department (hereinafter the City police department) took custody of the petitioner's costume jewelry upon her arrest on May 17, 2000, following a domestic dispute with her teenage daughter. The petitioner was transported to the Westchester County jail in Valhalla (hereinafter the County jail) and released on or about May 19, 2000. Starting then, and continuing for a period of about one year (except for a lapse of five months from the beginning of August 2000 to the end of December 2000), the petitioner made repeated trips to the City police department and the County jail to demand the return of her property. The City police department undertook a number of investigations but could not locate it.

The Supreme Court properly found that the petitioner's notice of claim was served more than 90 days after her claim accrued (*see* General Municipal Law § 50-e [1] [a]; *Berman v Goldsmith* 141 AD2d 487 [1988]; 2B Carmody-Wait 2d, NY Prac §§ 13:294, 14:23), and addressed the branch of the instant proceeding which was, in effect, for leave to serve a late notice of claim. Upon considering the key factors relevant to such an application (*see Matter of Sica v Board of Educ. of City of N.Y.*, 226 AD2d 542 [1996]), the Supreme Court denied the requested relief. It determined that the respondents did not acquire actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, and that the respondents sufficiently established that they were substantially prejudiced by the delay.

However, contrary to the determination of the Supreme Court and the contentions of the City of White Plains, the petitioner demonstrated that the City police department had actual knowledge of the essential facts of the claim within the statutory 90-day period. Furthermore, the fact that members of the City police department repeatedly assured the petitioner that they were investigating her claim demonstrated that the delayed service of the notice of claim did not substantially prejudice the City in its defense on the merits (*see Matter of Sica v Board of Educ. of City of N.Y., supra*). The same cannot be said for the County of Westchester, which was never served with the letter dated May 30, 2001, had no knowledge of the actual facts, and was substantially prejudiced by the delay.

Accordingly, the Supreme Court improvidently exercised its discretion in denying that branch of the petition which was, in effect, for leave to serve a late notice of claim with respect to the City (*see* General Municipal Law § 50-e [5]). S. Miller, J.P., Goldstein, McGinity and Mastro, JJ., concur.