■ LILIANA RAMIREZ, Respondent, v CITY OF WHITE PLAINS, Defendant and Third-Party Plaintiff-Appellant. COUNTY OF WESTCHESTER, Third-Party Defendant-Respondent. [826 NYS2d 426]—

In an action to recover damages for the negligent loss or theft of personal property, the defendant third-party plaintiff appeals from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered September 23, 2005, which granted the third-party defendant's motion for summary judgment dismissing the third-party complaint, and granted the plaintiff's separate motion for summary judgment on the issue of liability.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the third-party defendant's motion for summary judgment dismissing the third-party complaint, and substituting therefor a provision denying that motion; as so modified, the order is affirmed, with costs to the third-party defendant payable by the defendant third-party plaintiff.

The Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability against the City of White Plains. The plaintiff established a prima facie case of negligence against the City by submitting evidence that an implied bailment existed, and that the City failed to return her personal property to her after due demand (*see Voorhis v Consolidated Rail Corp.*, 60 NY2d 878 [1983]; *Roth v Black Star Publ. Co.*, 239 AD2d 484 [1997]; *Damast v New Concepts in Jewelry*, 86 AD2d 886 [1982]). In opposition to the motion, the City failed to raise a triable issue of fact as to whether it was free from negligence in the loss or theft of the plaintiff's property (*see State Farm Ins. Co. v Central Parking Sys., Inc.*, 18 AD3d 859 [2005]).

However, the court should not have granted the County of Westchester's motion for summary judgment dismissing the third-party complaint, since an issue of fact exists as to whether the County may have been wholly or partially responsible for the loss or theft of the plaintiff's property. Miller, J.P., Krausman, Fisher and Dillon, JJ., concur.