OPINION OF THE COURT
Per Curiam.
Order, dated October 18, 2005, affirmed, with $10 costs.
Plaintiffs automobile was stolen from defendants’ parking garage in June 1997, after the vehicle and ignition keys were surrendered to defendants’ attendant, who had issued a claim ticket to the driver of the vehicle. In February 2001, more than three years later, plaintiff commenced this action to recover the value of the vehicle based upon breach of a bailment contract. The issue herein is whether this case is governed by the three-year statute of limitations for negligence or the six-year statute for breach of contract.
An action for failure to exercise due care in the performance of a contract, where the plaintiff seeks damages for injury to property or pecuniary interests, is governed by the six-year contract statute of limitations, provided that the plaintiff is willing to limit his or her recovery to contractual damages (see Santulli v Englert, Reilly & McHugh, 78 NY2d 700, 707 [1992]; Video Corp. of Am. v Frederick Flatto Assoc., 58 NY2d 1026, 1028 [1983]; Baratta v Kozlowski, 94 AD2d 454, 463 [1983]; see also Weinstein-Korn-Miller, NY Civ Prac ¶ 214.11). In such an action, “the general tendency has been to allow the plaintiff to elect to sue in contract or tort, as he sees fit” (Matter of Paver & Wildfoerster [Catholic High School Assn.], 38 NY2d 669, 675 [1976]). If the claim is “substantially related to the subject matter of the substantive agreement ... it will not be barred merely because it also would permit recovery in a tort action at law” (id. at 676).
While defendant correctly points out that this court has previously upheld the application of the three-year negligence statute of limitations to automobile bailment cases (see Tischler Roofing & Sheet Metal Works Co. v Sicolo Garage, 64 Misc 2d 825 [1970]), as noted by the Appellate Division in Novita LLC v 307 W. Rest. Corp. (35 AD3d 234 [2006]), the “Court of Appeals has refused to apply a shortened negligence statute of limitations to *110 a claim seeking breach-of-contract damages on a claim for property damage[s].” Indeed, the Court of Appeals “has disavowed blanket application of the essence of the action rule beyond personal injury actions and has recognized that different policy considerations are involved in actions for damages to property or pecuniary interests” (Baratta v Kozlowski, 94 AD2d at 461). Inasmuch as the claimed damage here is to property and “the asserted liability not only relates in part to an alleged failure to use due care, but also ‘had its genesis in the contractual relationship of the parties’ ” (id. at 463, citing Sears, Roebuck & Co. v Enco Assoc., 43 NY2d 389, 396 [1977]), we find that the six-year statute of limitations was properly applied.
McCooe, J.E, Davis and Schoenfeld, JJ., concur.