■ THE DERMOT COMPANY, INC., Respondent, v 200 HAVEN COMPANY, Defendant, and 200 HAVEN LLC, Appellant. [872 NYS2d 15]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered January 29, 2008, which, to the extent appealed from, denied defendant 220 Haven LLC's motion to amend its answer, unanimously affirmed, without costs.

Defendant LLC waived any objection to the standing of plaintiff, the proposed purchaser, by failing to raise that affirmative defense in its answer or in a pre-answer motion to dismiss (*see Security Pac. Natl. Bank v Evans*, 31 AD3d 278 [2006], *appeal dismissed* 8 NY3d 837 [2007]). Even absent such a waiver, plaintiff had a bona fide economic interest in seeking specific performance on a contract of sale that predated the contract of sale LLC subsequently entered into with defendant seller (200 Haven Company) to purchase the same property. In reviewing the IAS court's rulings on the parties' prior motions for summary judgment, we found issues of fact as to whether the seller had properly cancelled the contract with plaintiff (41 AD3d 188 [2007]). As such, plaintiff had standing to commence the instant action to pursue its viable claim.

The court also properly denied LLC's request to amend its answer to include a counterclaim for tortious interference with contract, which was predicated on an allegation that plaintiff's commencement of the instant action (including the filing of a notice of pendency) wrongfully interfered with LLC's contract to purchase the subject property from 200 Haven Company. The proposed counterclaim is without merit (*see Thomas Crimmins Contr. Co. v City of New York*, 74 NY2d 166 [1989]; *Raven El. Corp. v City of New York*, 291 AD2d 355 [2002]). A claim of tortious interference with contract requires, inter alia, facts showing a defendant's intentional procurement of a breach of contract without justification (*Lama Holding Co. v Smith Barney*, 88 NY2d 413, 424 [1996]). Here, LLC has not alleged any facts indicating that plaintiff commenced this action without justification. Indeed, this Court has already found that triable issues exist as to the merit of plaintiff's claims. Concur—Tom, J.P., Gonzalez, Buckley, Sweeny and Catterson, JJ.