■ 37 PARK DRIVE SOUTH, INC., Respondent-Appellant, v JAMES P. DUFFY, III, et al., Appellants-Respondents. [881 NYS2d 481]—

In an action, inter alia, to recover damages for breach of contract, the defendants appeal from a judgment of the Supreme Court, Westchester County (Scheinkman, J.), dated January 2, 2008, which, after a nonjury trial, is in favor of the plaintiff and against them, jointly and severally, in the principal sum of $137,853, and the plaintiff cross-appeals from stated portions of the judgment.

Ordered that the judgment is affirmed, without costs or disbursements.

In 1997, nonparty Robert Shamis, a British citizen who had been living in Hong Kong, wished to move to a house in Westchester County. To accomplish this, he was advised to form a New York corporation to purchase the property, the sole shareholder of which would be Cristoballo, LLC (hereinafter Cristoballo), a Costa Rican entity that was related to Shamis or members of his family. Cristoballo retained the defendant James P. Duffy, III and his law firm, the defendant Berg and Duffy, LLP (hereinafter Berg & Duffy), to form the corporation. It was also agreed that Duffy would serve as the corporation's president, and be responsible for certain ministerial services such as making payments with respect to the renovation and operation of the house out of the corporation's bank account. The parties never executed any written agreement as to how the defendants would be compensated, but there was evidence at trial that the parties had entered into an agreement whereby the defendants would be paid the sum of $130 per month for the ministerial services and would bill separately for any unusual or legal work performed on behalf of the corporation. The defendants sent regular invoices to Cristoballo charging hourly rates until December 1998.

In late 2000, Shamis discovered that, earlier that year, Duffy had either withdrawn or transferred to himself or Berg & Duffy the sum of $137,853 from the corporation's bank account. When asked by Shamis to account for these sums, Duffy explained

that he had been owed this money as back-due commissions pursuant to an alleged oral agreement whereby he was to receive 5% of all moneys disbursed by the corporation. Shamis disputed that any such agreement was made, and when Duffy refused to refund the amounts or provide any documentation supporting the withdrawals or transfers, Duffy was removed as president of the corporation in March 2001.

In October 2004, the corporation commenced this action, inter alia, to recover $137,853 in damages for breach of contract and breach of fiduciary duty. After a nonjury trial, the Supreme Court determined that although the breach of fiduciary duty cause of action was barred by the three-year statute of limitations, the plaintiff was entitled to recover the sum of $137,853 based upon a theory of an implied contract or unjust enrichment, which carries a six-year statute of limitations.

We find no reason to disturb the Supreme Court's factual determination that the parties never entered into a 5% commission agreement and that the defendants were not entitled to make the withdrawals or transfers from the plaintiff's bank account (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Healy v Williams, 30 AD3d 466, 468 [2006]). Although the plaintiff's breach of fiduciary duty cause of action is time-barred (see Klein v Gutman, 12 AD3d 417, 419-420 [2004]; Rattenni v Cerreta, 285 AD2d 636 [2001]; Gold Sun Shipping v Ionian Transp., 245 AD2d 420, 421 [1997]), the Supreme Court correctly determined that the plaintiff may recover based on a theory of implied contract or unjust enrichment, to which a six-year statute of limitations period is applicable (see Board of Educ. of Cold Spring Harbor Cent. School Dist. v Rettaliata, 78 NY2d 128, 138 [1991]; Matter of First Natl. City Bank v City of N.Y. Fin. Admin., 36 NY2d 87, 93 [1975]; Gold Sun Shipping Ltd. v Ionian Transp., 245 AD2d at 421; Baratta v Kozlowski, 94 AD2d 454, 464 [1983]).

The parties' remaining contentions are either not properly before this Court or without merit. Fisher, J.P., Dickerson, Eng and Hall, JJ., concur.

---

Motion by the plaintiff, inter alia, to strike stated portions of the defendants' reply brief on an appeal and cross appeal from a judgment of the Supreme Court, Westchester County, dated January 2, 2008, on the ground that they refer to matter dehors the record or improperly raise arguments for the first time in reply. By decision and order on motion of this Court dated October 24, 2008, the motion was held in abeyance and referred

to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and the argument of the appeal, it is

Ordered that the motion is granted to the extent that the references to a New York County complaint that is dehors the record on pages 6 and 7 of the defendants' reply brief are stricken and have not been considered on the appeal and cross appeal; and it is further,

Ordered that the motion is otherwise denied. Fisher, J.P., Dickerson, Eng and Hall, JJ., concur.