■ EMD Construction Corp., Appellant, v New York City Department of Housing Preservation and Development et al., Respondents. [895 NYS2d 469]—

In an action to recover damages for breach of contract and unjust enrichment, the plaintiff appeals from an order of the Supreme Court, Queens County (Flug, J.), entered March 23, 2009, which granted those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint as time-barred and on the ground that it failed to comply with Administrative Code of the City of New York § 7-201 (a).

Ordered that the order is affirmed, with costs.

The Supreme Court properly granted the defendants' motion to dismiss the complaint. The complaint fails to allege that "at least thirty days ha[d] elapsed since the . . . claim . . . upon which [the] action . . . is founded [had been] presented to the comptroller for adjustment, and that the comptroller ha[d] neglected or refused to make an adjustment or payment thereof for thirty days after such presentment" (Administrative Code of City of NY § 7-201 [a]; *see Republic of Argentina v City of New York*, 25 NY2d 252, 265 [1969]; *Raven El. Corp. v City of New York*, 291 AD2d 355 [2002]; *City of New York v 611 W. 152nd*

*St.*, 273 AD2d 125 [2000]; *City of New York v Candelario*, 223 AD2d 617 [1996]; *Chinatown Apts. v New York City Tr. Auth.*, 100 AD2d 824 [1984]; *Arol Dev. Corp. v City of New York*, 59 AD2d 883 [1977]). "Although technical defenses in abatement are not favored where prejudice has not resulted, courts may not relieve a litigant of a positive statutory mandate, even to avoid a harsh result" (*P. J. Panzeca, Inc. v Board of Educ., Union Free School Dist. No. 6, Towns of Islip & Smithtown*, 29 NY2d 508, 510 [1971]).

Additionally, the causes of action set forth in the complaint were not interposed within six years after their accrual in accordance with the six-year statute of limitations set forth in CPLR 213 (2) (*see D & L Assoc., Inc. v New York City School Constr. Auth.*, 69 AD3d 435 [2010]). Moreover, the unjust enrichment cause of action, which is indistinguishable from the breach of contract cause of action (*see Yenrab, Inc. v 794 Linden Realty, LLC*, 68 AD3d 755 [2009]), is governed by the same statute of limitations as that applicable to the breach of contract cause of action (*see 37 Park Dr. S., Inc. v Duffy*, 63 AD3d 1040 [2009] [applying six-year limitations period to unjust enrichment cause of action]). The plaintiff's remaining contentions, including those based on the doctrine of equitable estoppel and on the applicability of a 20-year statute of limitations (*see* Administrative Code of City of NY § 7-207), are all without merit. Dillon, J.P., Miller, Eng and Roman, JJ., concur.