■ CHI KEE PANG, Also Known as RONALD CHIKEE PANG, Appellant, v SYNLYCO, LTD., et al., Respondents. [933 NYS2d 706]—

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court correctly determined that the instant action was time-barred under the applicable statutes of limitations. The cause of action to recover damages for breach of contract is barred by the six-year statute of limitations (*see* CPLR 213 [2]). The plaintiff's contention that the statute of limitations was tolled by the defendants' acknowledgment of the parties' alleged oral agreement is without merit, since the plaintiff failed to submit a writing to that effect, and General Obligations Law § 17-101 provides, in relevant part, that, with certain exceptions not applicable here, "[a]n acknowledgment or promise contained in a writing signed by the party to be charged thereby is *the only competent evidence* of a new or continuing contract whereby to take an action out of the operation of the provision of limitations of time for commencing actions under the civil practice law and rules" (*cf. Jeffrey L. Rosenberg & Assoc., LLC v Lajaunie*, 54 AD3d 813, 815 [2008] [emphasis supplied]). The cause of action to recover damages for unjust enrichment, which is indistinguishable from the breach of contract cause of action, is, consequently, also barred by the six-year statute of limitations set forth in CPLR 213 (2) (*see EMD Constr. Corp. v New York City Dept. of Hous. Preserv. & Dev.*, 70 AD3d 893, 894 [2010]; *37 Park Dr. S., Inc. v Duffy*, 63 AD3d 1040, 1041 [2009]). The cause of action to recover damages for fraud is time-barred inasmuch as the action was not commenced within six years of the date on which the cause of action accrued or within two years after the time the plaintiff could with reasonable diligence have discovered the fraud (*see* CPLR 213 [8]; *Prand Corp. v County of Suffolk*, 62 AD3d 681, 683 [2009]; *Pericon v Ruck*, 56 AD3d 635, 636 [2008]). Contrary

to the plaintiff's contention, the doctrine of equitable estoppel is unavailable to toll the statute of limitations since, in response to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact as to whether any action or representation by the defendants induced him to forgo the timely commencement of an action to enforce his rights under the alleged oral agreement (*see Javaheri v Old Cedar Dev. Corp.*, 84 AD3d 881, 886 [2011]; *Jones v Safi*, 58 AD3d 603, 604 [2009]).

In view of our determination, we need not address the plaintiff's remaining contentions. Dillon, J.P., Dickerson, Chambers and Miller, JJ., concur. **[Prior Case History: 2010 NY Slip Op 31723(U).]**