■ STEPHAN B. GLEICH, Appellant, v STEPHEN J. HAENEL, Respondent, et al., Defendant. [5 NYS3d 735]—

In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), dated October 17, 2013, as, upon renewal, adhered to a determination in an order dated July 1, 2013, making certain findings, and (2) from an order of the same court dated December 16, 2013, which granted the motion of the defendant Stephen J. Haenel for summary judgment dismissing, as time-barred, the fifth cause of action insofar as asserted against him.

Ordered that the appeal from the order dated October 17, 2013, is dismissed; and it is further,

Ordered that the order dated December 16, 2013, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The plaintiff appeals from so much of an order dated October 17, 2013, as, upon renewal, adhered to a determination in an order dated July 1, 2013, making certain findings in connection with the denial of that branch of the motion of the defendant Stephen J. Haenel which was to dismiss the fifth cause of action insofar as asserted against him. That appeal must be dismissed, both because the plaintiff is not aggrieved by that portion of the order dated October 17, 2013 (*see George Tsunis Real Estate, Inc. v Benedict*, 116 AD3d 1002 [2014]), and because that appeal has been rendered academic in light of our determination on the appeal from the order dated December 16, 2013.

The plaintiff's fifth cause of action sought to recover damages for unjust enrichment. Contrary to the plaintiff's contention, the Supreme Court properly granted the motion of the defendant Stephen J. Haenel for summary judgment dismissing, as time-barred, the fifth cause of action insofar as asserted against him (*see Chi Kee Pang v Synlyco, Ltd.*, 89 AD3d 976 [2011]; *EMD Constr. Corp. v New York City Dept. of Hous.*

*Preserv. & Dev.*, 70 AD3d 893 [2010]). Haenel satisfied his burden of demonstrating, prima facie, that the time within which to assert the fifth cause of action had expired prior to the commencement of this action. The plaintiff failed to raise a triable issue of fact in opposition (*see Farage v Ehrenberg*, 124 AD3d 159 [2014]; *Matter of Scola*, 118 AD3d 895 [2014]).

The plaintiff's remaining contentions are without merit. Dillon, J.P., Dickerson, Cohen and Barros, JJ., concur.