[7 NYS3d 313]

Zbigniew Wikiert, Respondent, v City of New York, Appellant.

Second Department, April 8, 2015

**APPEARANCES OF COUNSEL**

*Zachary W. Carter, Corporation Counsel,* New York City (*Francis F. Caputo* and *Susan Paulson* of counsel), for appellant.

*Charles Zolot,* Jackson Heights, for respondent.

**OPINION OF THE COURT**

LEVENTHAL, J.

On this appeal, we are asked to determine the statute of limitations applicable to the plaintiff's claim that the City of New York breached an implied bailment arising from the confiscation of the plaintiff's personal property following the plaintiff's arrest. The plaintiff contends that his claim is subject to the six-year statute of limitations applicable to contract claims, while the City contends that it is subject to the one-year-and-90-day statute of limitations applicable to negligence claims against municipalities. For the reasons discussed below, we agree with the City.

Factual and Procedural Background

In January 2008, the plaintiff was arrested by New York City police officers and certain personal property was removed

from his residence. That property included three of the plaintiff's computers. In September 2010, the Office of the District Attorney, Queens County (hereinafter the D.A.), notified the plaintiff that his personal property was no longer needed in the prosecution of the criminal proceeding against him. When the plaintiff went to retrieve the computers from the New York City Property Clerk (hereinafter the property clerk) on September 13, 2010, he learned that they had been destroyed. On October 6, 2010, the plaintiff served a notice of claim upon the City of New York relating to "property damage or loss."

On January 23, 2012, the plaintiff commenced the instant action against the City. The complaint alleges that "when the defendant took possession of plaintiff's property, it assumed the role of a bailee in that there was an implied contractual obligation on the part of the [City] to maintain and safeguard plaintiff's property pending the disposition of the criminal proceedings." The complaint asserts that the City breached its contractual obligation as bailee when it destroyed the plaintiff's property.

In its answer, the City, among other things, asserted the affirmative defense that the action was time-barred, as it was not commenced within the applicable statute of limitations.

By notice of motion dated June 20, 2012, the City moved for summary judgment dismissing the complaint on the ground that the action was time-barred. The City relied on General Municipal Law § 50-i (1), which provides that an action against the City to recover for "damage to" "personal property" due to "the negligence or wrongful act" of the City shall be commenced within one year and 90 days after the happening of the incident. As the plaintiff's claim accrued on September 13, 2010, the date he made the demand for his property, the City contended that the action had to be commenced by December 13, 2011. Since this action was not commenced until January 23, 2012, the City asserted that it was time-barred.

In opposition to the City's motion, the plaintiff argued that the action was timely because he sought to recover damages for breach of bailment based on a theory of implied contract, not for property damage due to the City's negligence. Therefore, the plaintiff argued that the complaint was subject to the six-year statute of limitations for breach of contract, rather than a period of one year and 90 days under the General Municipal Law.

In reply, the City argued that there was no bailment, because a bailment required a delivery of property, mutual intent, and consideration. Even if it was the bailee of the plaintiff's property, the City contended that the one-year-and-90-day limitations period applicable to negligence would still apply.

The Order Appealed From

In an order entered May 9, 2013, the Supreme Court denied the City's motion. The court noted that it was undisputed that the claim accrued on September 13, 2010, when the plaintiff attempted to recover his computers from the property clerk and learned that they had been destroyed. The court determined that the action was not time-barred because the statute of limitations contained in General Municipal Law § 50-i was not applicable to this action. In this regard, the court stated that the City's "lawful seizure of plaintiff's property without an intent to appropriate created a constructive bailment by operation of law" (*Wikiert v City of N.Y. its Employees & Agents*, 39 Misc 3d 1222[A], 2013 NY Slip Op 50690[U], *2 [Sup Ct, Queens County 2013]). The court reasoned that the statute of limitations applicable to a breach of a bailment claim was six years and, therefore, the action, commenced on January 23, 2012, was timely. The court stated:

> "Defendants are generally correct that when determining the applicable statute of limitations, court[s] should look to the 'essence' of the action such that even if a wrong complained of arose out of a contractual obligation, a negligence statute of limitations should be used if the allegations essentially consist of a failure to use due care in the performance of the obligation (*[s]ee Paver & Wildfoerster v. Catholic High Sch. Ass'n*, 38 NY2d 669, 674-75 [1976]). However, the Court of Appeals has disavowed the blanket application of the essence of the action rule beyond personal injury actions (*see Baratta v. Kozlowski*, 94 AD2d 454, 461 [2d Dept. 1983]).
>
> "Plaintiff here has elected to sue in contract and inasmuch as the claim here is for property damage, the relationship between the parties had its genesis in the contractual relationship created by the constructive bailment and the events giving rise to this action directly implicate that relationship, the six year statute of limitations is appropriate (*No-*

*vita LLC v. 307 W. Rest Corp.*, 35 AD3d 234 [1st Dept. (2006)])" (*Wikiert v City of N.Y. its Employees & Agents*, 39 Misc 3d 1222[A], 2013 NY Slip Op 50690[U], *2 [Sup Ct, Queens County 2013]).

Analysis

We first address the threshold issue of whether the City's possession of the plaintiff's property, following the plaintiff's arrest, constituted a bailment. " 'It makes no difference whether the thing be intrusted to a person by the owner or by another. Taking lawful possession without present intent to appropriate creates a bailment' " (*Martin v Briggs*, 235 AD2d 192, 197 [1997], quoting *Seaboard Sand & Gravel Corp. v Moran Towing Corp.*, 154 F2d 399, 402 [2d Cir 1946]; *see Pivar v Graduate School of Figurative Art of N.Y. Academy of Art*, 290 AD2d 212, 213 [2002]). The Court of Appeals has stated:

> "Bailment does not necessarily and always, though generally, depend upon a contractual relation. It is the element of lawful possession, however created, and duty to account for the thing as the property of another that creates the bailment, regardless of whether such possession is based on contract in the ordinary sense or not" (*Foulke v New York Consol. R.R. Co.*, 228 NY 269, 275 [1920]).

"A bailment 'may arise from the bare fact of the thing coming into the actual possession and control of a person fortuitously, or by mistake as to the duty or ability of the recipient to effect the purpose contemplated by the absolute owner' " (*Martin v Briggs*, 235 AD2d at 197, quoting *Phelps v People*, 72 NY 334, 358 [1878]).

The City contends that no bailment was created here for several reasons. First, the City asserts, relying upon certain language in *People v Natal* (75 NY2d 379 [1990]), that no bailment is created for evidence seized at the time of an individual's arrest. In *Natal*, a criminal defendant sought to suppress several items of clothing and personal effects that he initially surrendered at the time of his arrest. After the items were inventoried, they were transferred to the Westchester County jail for safekeeping while the defendant awaited trial. One week before the defendant's trial, the items were transferred to the D.A. for use as trial evidence. In analyzing the issue of whether the D.A. was required to obtain a warrant to obtain this evidence, the Court of Appeals concluded that the defendant retained a property interest in his personal effects when he

surrendered them at the jail, but that a warrant was nevertheless not required to transfer these items to the D.A. because he did not have a constitutionally protected privacy interest in them (*id*. at 383). The Court of Appeals drew on bailment principles to support its conclusion that the defendant retained a property interest in his personal effects, stating: "Unlike items seized by the police as evidence at the time of arrest—which may be subjected to examination and testing, and retained after defendant is released from custody—items later taken by prison authorities are held as bailments, to be safeguarded for the accused during incarceration" (*id*., citing *Thomas v Grupposo*, 73 Misc 2d 427, 430 [Civ Ct, New York County 1973]).

The City maintains that the above-quoted language establishes that a bailment is not created when items are seized by the police at the time of a defendant's arrest. However, any implication in the quoted language that a bailment is not created for evidence seized at the time of arrest was qualified by the Court's observation that the police had authority to retain that evidence after the defendant's release. Here, by contrast, the City ultimately determined that the plaintiff's property was not needed as arrest evidence.

*Thomas v Grupposo* (73 Misc 2d 427 [1973]), which was cited by the *Natal* Court, and by the Supreme Court in the order appealed from, is instructive as to whether a bailment existed in this case. In *Thomas*, the plaintiff owned a motorcycle that was reported stolen. The defendant, the property clerk, informed the plaintiff that the police had recovered his motorcycle. After the plaintiff was notified that his motorcycle had been found, his motorcycle was mistakenly sold at a public auction for "substantially less" than its actual value (*id*. at 430). The plaintiff commenced an action to recover damages for the alleged wrongful sale of his motorcycle. The Supreme Court determined, based on stipulated facts, that when the defendant "recovered the motorcycle, it became a bailee, charged with the duty of exercising, if not reasonable care, at least some degree of care commensurate with the bailor-bailee relationship" (*id*.). The court further found that the defendant breached the bailment, based on its admission of the mistake, which the court deemed an "admission of gross negligence." Thus, the court found that a bailment was established and awarded judgment in favor of the plaintiff and against the defendant for breach of bailment. Notably, the plaintiff's recovery in *Thomas*

was based on a negligence theory, not a breach of contract theory.

The City also relies extensively upon 38 RCNY chapter 12 in support of its contention that there was no bailment in this case. However, that reliance is misplaced. 38 RCNY chapter 12 sets forth procedures to be followed when property is taken or obtained in connection with an arrest. 38 RCNY 12-32 (e) (iv) and 12-35 (e) provide that when a claimant demands the return of arrest evidence from the property clerk, the claimant should first obtain a district attorney's release. Here, the record indicates that the plaintiff complied with these rules. While the City argues that a property clerk may seek forfeiture of arrest evidence when it is determined that there is "reasonable cause to believe that property was unlawfully obtained or was the proceeds or instrumentality of a crime or otherwise may be subject to forfeiture" (38 RCNY 12-36), that rule does not apply here because there is no evidence that a forfeiture proceeding was initiated. In fact, the D.A. determined that the plaintiff's property was no longer needed.

Also without merit is the City's contention that there was no bailment because the police intended to "appropriate" the plaintiff's property when he was arrested. Not only did the City fail to submit any proof in admissible form to show the intent of the police in this regard, but any intent to appropriate the plaintiff's property dissipated when the D.A. informed the plaintiff that he could recover his property.

█ Considering the foregoing, and contrary to the City's contentions, we hold that the plaintiff's claim can be considered an action to recover damages for breach of bailment. Nevertheless, the critical question before this Court is the pertinent statute of limitations applicable to the complaint. This question turns on whether recovery is premised on contract or tort principles.

Applicable Statute of Limitations Period

The plaintiff argues that the bailment is an implied contract which is subject to the six-year limitations period applicable to actions to recover damages for breach of contract (see CPLR 213). However, the City relies upon General Municipal Law § 50-i (1), which provides, as pertinent here, that "[n]o action" alleging "damage to" "personal property" caused by "the negligence or wrongful act" of the City shall be maintained against the City unless the action is "commenced within one year and ninety days after the happening of the event upon which the claim is based."

The parties agree that the plaintiff's claim against the City accrued on September 13, 2010, when the plaintiff attempted to recover his property from the property clerk. The plaintiff commenced this action on January 23, 2012, asserting a cause of action to recover damages for the defendant's breach of its contractual obligations as a bailee. Thus, the complaint would be time-barred if this were an action to recover damages for injury to the plaintiff's property based upon negligence or wrongful act, rather than an action to recover damages for breach of contract.

Limited support for the City's contention that the instant action is nothing more than a tort claim that is disguised as a breach of contract claim is provided by *Ramirez v City of White Plains* (35 AD3d 698 [2006]). As set forth in our earlier decision granting the plaintiff leave to serve a late notice of claim upon the City of White Plains (*Matter of Ramirez v City of White Plains*, 306 AD2d 488 [2003]), the White Plains Police Department took possession of the plaintiff's personal property, including her jewelry, when she was arrested in connection with a domestic dispute. After her arrest, the plaintiff was transported to the Westchester County jail in Valhalla, but was released shortly thereafter. Following her release, she made repeated trips to the Police Department and the jail to demand the return of her personal property, but it could not be located. After obtaining leave to serve a late notice of claim upon the City of White Plains, the plaintiff commenced an action seeking to recover damages for the negligent loss or theft of her personal property. She thereafter successfully moved for summary judgment on the issue of liability.

On appeal, this Court, as pertinent here, affirmed the granting of the plaintiff's motion for summary judgment on the issue of liability, stating that "[t]he plaintiff established a prima facie case of negligence against the City by submitting evidence that an implied bailment existed, and that the City failed to return her personal property to her after due demand" and that, in opposition, "the City failed to raise a triable issue of fact as to whether it was free from negligence in the loss or theft of the plaintiff's property" (35 AD3d at 698).

However, the fact that this Court applied negligence principles in determining whether the plaintiff in *Ramirez* was entitled to summary judgment is not dispositive of the issue of which statute of limitations should be applied here. It is clear that the statute of limitations was not at issue in *Ramirez*.

Thus, we were not called upon to consider whether the nature of the plaintiff's claim actually sounded in breach of contract rather than negligence, and the resulting statute of limitations implications.

Case law illustrates that when confronted with the issue of whether the essential nature of a claim lies in contract or tort for purposes of determining the applicable limitations period, an essential consideration is whether the plaintiff's claim has its origins in the contractual relationship of the parties. In *Baratta v Kozlowski* (94 AD2d 454 [1983]), the defendant Kozlowski, the president of a bank, admitted that he had utilized $120,000 worth of bonds deposited by the plaintiff, a customer of the bank, for his own purposes and could not return them (*see id.* at 455). After more than three years had elapsed, the plaintiff commenced an action against Kozlowski and the bank, alleging conversion, money had and received, breach of fiduciary duty, breach of contract, negligence, and fraud (*see id.* at 456). This Court rejected the bank's argument that the entire complaint should be dismissed on the ground that the essence of the action was conversion, a tort governed by a three-year limitations period (*see id.* at 460-464). This Court explained:

> "In resolving conflicts between the tort and contract limitations periods, the judiciary historically has looked toward the 'essence of the action', a rule primarily applied to personal injury lawsuits, but sometimes applied to pecuniary interest cases as well. In recent times, however, *the Court of Appeals has disavowed blanket application of the essence of the action rule beyond personal injury actions and recognized that different policy considerations are involved in actions for damages to property or pecuniary interests (Sears, Roebuck & Co. v Enco Assoc.,* 43 NY2d 389; *Matter of Paver & Wildfoerster [Catholic High School Assn.],* 38 NY2d 669). . . . The court held (p 396) that when damage to property or pecuniary interests is involved, the six-year statute governs regardless of how the theory of liability is described, as long as the asserted liability 'had its genesis in the contractual relationship of the parties.' . . .
>
> "Since the claimed damage is to property or pecuniary interests and the asserted liability not only relates in part to an alleged failure to use due care,

but also had its genesis in the contractual relationship of the parties, application of the six-year Statute of Limitations . . . is mandated" (*id.* at 461-463 [internal quotation marks and citations omitted; emphasis added]; *see Western Elec. Co. v Brenner*, 41 NY2d 291, 295 [1977] [in an action commenced by an employer against an employee for money allegedly received by the latter in violation of his duty of loyalty to the former, the Court held that the action was not barred by the three-year statute of limitations for tort actions, finding that in such situations, "the employer has a choice of remedies, one among them being an action for restitution . . . To be sure, the fact that alternative remedies sound in tort, does not change the nature of this claim, which is essentially contractual" (citations omitted)]; *Gold Sun Shipping v Ionian Transp.*, 245 AD2d 420, 421 [1997] [where a complaint alleges facts that support causes of action alleging conversion and breach of an implied contract, the plaintiff may waive the conversion cause of action and proceed on the theory of breach of an implied contract, to which a six-year statute of limitations is applicable]; *see generally Capezzaro v Winfrey*, 153 NJ Super 267, 379 A2d 493 [1977] [affirming the judgment of a trial court that police department's release of money in the sum of $2,480 to the defendant, who had been charged with robbing the plaintiff of the money, constituted a breach of a constructive bailment]).

Notably, *Sears, Roebuck & Co. v Enco Assoc.* (43 NY2d 389 [1977]), cited in *Baratta*, was superseded in part by *Matter of R.M. Kliment & Frances Halsband, Architects (McKinsey & Co., Inc.)* (3 NY3d 538, 541 [2004] [holding that, under the 1996 revisions to CPLR 214 (6), the three-year statute of limitations applied to "an action to recover damages for malpractice . . . regardless of whether the underlying theory is based in contract or tort"]). However, with respect to actions other than those sounding in malpractice which involve claims for property damage, *Sears* remains instructive that, where liability is premised on a contractual relationship, the six-year statute of limitations applies.

This Court also found the six-year statute of limitations governing contract claims to be applicable in *37 Park Dr. S.,*

*Inc. v Duffy* (63 AD3d 1040 [2009]). *37 Park,* upon which the plaintiff relies, involved facts somewhat similar to the facts in *Baratta.* In that case, a nonparty, Robert Shamis, sought to move to a house in Westchester County, New York. In further-ance thereof, Shamis hired the defendant Duffy, an attorney, and Duffy's law firm to form a New York corporation to purchase the property. The corporation was formed, with Duffy as the president. In 2000, Shamis learned that Duffy had al-legedly stolen the sum of $137,853 from the corporation's bank account. In October 2004, the corporation commenced an ac-tion against Duffy and his firm to recover damages for breach of contract and breach of fiduciary duty.

After a nonjury trial, the Supreme Court determined that the breach of fiduciary duty claim—a tort claim subject to a three-year statute of limitations—was time-barred, and that the breach of contract claim was timely. On appeal, citing *Baratta,* this Court affirmed the Supreme Court's determina-tion that the plaintiff could recover based on a theory of implied contract or unjust enrichment, to which a six-year statute of limitations period is applicable (*see id.* at 1041).

The six-year statute of limitations was also found to be ap-plicable in *Rodriguez v Central Parking Sys. of N.Y., Inc.* (17 Misc 3d 108 [App Term, 1st Dept 2007]), which was cited by the Supreme Court in the order appealed from. *Rodriguez* involved a situation in which the plaintiff's car was stolen from the defendant's parking lot. In concluding that the plaintiff's breach of bailment claim was subject to a six-year-statute of limitations, rather than the three-year limitations period ap-plicable to negligence, the Appellate Term, quoting *Baratta,* stated that "the asserted liability not only relates in part to an alleged failure to use due care, but also 'had its genesis in the contractual relationship of the parties' " (17 Misc 3d at 110, quoting *Baratta v Kozlowski,* 94 AD2d at 463).

■ The case before us is readily distinguishable from *Baratta,* where the claim originated from the relationship between a bank and its customer, *37 Park,* where the claim originated from the relationship between an attorney and client, and *Rod-riguez,* where the claim originated from the relationship be-tween a parking lot and its customer. Here, the evidence submitted by the City in support of its motion established, prima facie, that the claim between the parties did not originate by virtue of a contractual relationship. The City took control of the plaintiff's property only in connection with his

arrest. Hence, unlike the plaintiffs in *Baratta, 37 Park,* and *Rodriguez,* it cannot be said that the liability alleged by the plaintiff in the complaint "had its genesis in [a] contractual relationship of the parties" (*Sears, Roebuck & Co. v Enco Assoc.,* 43 NY2d at 396). "A contract cannot be implied *in fact* where the facts are inconsistent with its existence" (*Miller v Schloss,* 218 NY 400, 406 [1916]; *see Regional Economic Community Action Program, Inc. v Enlarged City School Dist. of Middletown,* 18 NY3d 474, 478-479 [2012]). While the City's act of taking possession of the plaintiff's personal property created a bailment, it has been recognized that a bailment does not necessarily and always arise from a contractual relationship (*see Foulke v New York Consol. R.R. Co.,* 228 NY at 275; *Martin v Briggs,* 235 AD2d at 197). Thus, as General Municipal Law § 50-i (1) applies to all causes of action against the City seeking to recover damages for injury to property because of negligence or a wrongful act, and the complaint asserts that the City destroyed the plaintiff's property, the one-year-and-90-day statute of limitations, not the six-year limitations period, applies to this action.

Accordingly, the City established, prima facie, that the action was time-barred, and the plaintiff failed to raise a triable issue of fact in opposition. Thus, the Supreme Court erred in denying the City's motion for summary judgment dismissing the complaint as time-barred.

Therefore, the order is reversed insofar as appealed from, on the law, and the defendant's motion for summary judgment dismissing the complaint on the ground that the action is time-barred is granted.

DILLON, J.P., SGROI and MALTESE, JJ., concur.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint on the ground that the action is time-barred is granted.