Jackson v Casino Towing Serv., Inc. (2023 NY Slip Op 50460(U))

[*1]

Jackson v Casino Towing Serv., Inc.

2023 NY Slip Op 50460(U)

Decided on May 5, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 5, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, LOURDES M. VENTURA, JJ

2021-645 Q C

Thomas Jackson, Appellant, 
against
Casino Towing Service, Inc., Respondent. 

Richard W. Bryan, for appellant.
Law Office of Alexander P. Kelly (Alexander P. Kelly of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Brenda Rivera, J.), entered August 24, 2021. The order granted defendant's cross motion for summary judgment dismissing the complaint and denied plaintiff's motion to dismiss affirmative defenses.

ORDERED that the order is affirmed, without costs.
Plaintiff commenced this action to recover for conversion, breach of a constructive bailment, negligence, unjust enrichment, and violation of the Lien Law in regards to his vehicle, which was seized by the New York State Police, towed by defendant on February 7, 2017, and thereafter sold by defendant at auction on March 23, 2018.
Plaintiff moved to dismiss defendant's affirmative defenses, including, insofar as relevant to this appeal, failure to state a cause of action and statute of limitations. In his affidavits in support of his motion, plaintiff averred that he went to defendant's place of business on February 8, 2017 demanding the return of his vehicle and providing a notice of recorded lien from his financing company which listed him as the owner of the vehicle. Plaintiff further averred that defendant refused to release the vehicle without proof of ownership in the form of a valid title or registration. Thereafter, defendant cross-moved to dismiss the complaint pursuant to CPLR 3211 and for summary judgment dismissing the complaint pursuant to CPLR 3212, arguing that the causes of action were either time-barred or lacked merit. In the affidavits of its president in support of its cross motion, as well as in its verified answer and counterclaim, defendant disputed that plaintiff provided the notice of recorded lien as proof of ownership when plaintiff appeared at defendant's office and demanded the return of the vehicle, but admitted that defendant had sent a notice of impound and a notice of lien and sale to plaintiff, as the owner of the vehicle. By order entered August 24, 2021, the Civil Court granted defendant's cross motion for summary judgment dismissing the complaint, finding that plaintiff had failed to establish ownership or a [*2]proprietary interest in the subject vehicle, essential to maintaining the action, and, thus, plaintiff had failed to meet his burden to defeat defendant's cross motion. The Civil Court also denied plaintiff's motion to dismiss the affirmative defenses.
In order to sustain a claim for conversion, " 'a plaintiff must show legal ownership or an immediate superior right of possession to a specific identifiable thing and must show that the defendant exercised an unauthorized dominion over the thing in question to the exclusion of the plaintiff's rights' " (National Ctr. for Crisis Mgt., Inc. v Lerner, 91 AD3d 920, 920 [2012], quoting Cusack v American Defense Sys., Inc., 86 AD3d 586, 587 [2011]). Here, we find that defendant was entitled to summary judgment dismissing the conversion cause of action regardless of whether plaintiff could establish ownership or an immediate superior right to possession of the vehicle. If plaintiff neither owned the vehicle nor had the immediate superior right to possess it, he would have failed to state a cause of action for conversion. On the other hand, if plaintiff had owned or had the immediate superior right to possess the vehicle, the cause of action for conversion would be time-barred. The conversion cause of action would have accrued on February 8, 2017, when plaintiff asserts, and defendant acknowledges, that plaintiff demanded the return of his vehicle and that defendant refused to do so (see Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 49-50 [2006]). The applicable statute of limitations for conversion is three years and this action was not commenced until March 2, 2020, more than three years after it had accrued (see CPLR 214 [3]; Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex., 87 NY2d 36 [1995]). As the claim for conversion either lacked merit or was time-barred, we find that the Civil Court properly granted the branch of defendant's cross motion dismissing that cause of action.
Moreover, we find that the Civil Court properly granted the branches of defendant's cross motion dismissing plaintiff's causes of action for breach of a constructive bailment, negligence, unjust enrichment, and violation of the Lien Law. 
A cause of action for breach of a constructive bailment, where the original possession was lawful, accrues on the day a demand for return of the property is made and the person in possession of the property refuses to comply (see CPLR 206 [a]; Berman v Goldsmith, 141 AD2d 487 [1988]). As such, the date of accrual for this cause of action was on February 8, 2017, when, as noted above, plaintiff demanded the return of his vehicle and defendant refused. As the cause of action for breach of a constructive bailment was not a result of a contractual relationship between the parties, a six-year statute of limitations does not apply (see Wikiert v City of New York, 128 AD3d 128, 138 [2015]), but, rather, a three-year statute of limitations pursuant to CPLR 214 (3) applies. As this issue is one of law which appears on the face of the record and could not have been avoided had defendant made the argument to the Civil Court, it may be reached for the first time on appeal (see Lewis v Holliman, 176 AD3d 1048 [2019]). Consequently, since this action was not commenced until March 2, 2020, more than three years after it had accrued, the statute of limitations bars the cause of action for breach of a constructive bailment (see CPLR 214 [3]; Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex., 87 NY2d 36 [1995]).
Additionally, as plaintiff's causes of action for negligence and unjust enrichment are duplicative of other causes of action, we find that the Civil Court properly dismissed these causes of action (see Corsello v Verizon NY, Inc., 18 NY3d 777 [2012]; Belair Care Ctr., Inc. v Cool [*3]Insuring Agency, Inc., 168 AD3d 1162 [2019]). 
Finally, plaintiff's remaining contention on appeal regarding an alleged cause of action based on the Lien Law lacks merit.
Accordingly, the order is affirmed.
TOUSSAINT, P.J., BUGGS and VENTURA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 5, 2023