Davidoff v Hershfield (2024 NY Slip Op 06560)

Davidoff v Hershfield

2024 NY Slip Op 06560

Decided on December 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2022-00939
 (Index No. 68477/19)

[*1]Jonathan Davidoff, appellant, 
v
Bruce Hershfield, et al., respondents.

Davidoff Law Firm, PLLC, New York, NY (Jonathan Marc Davidoff, suing herein as Jonathan Davidoff, pro se and Danielle Shaye Shapero of counsel), for appellant.
Dimopoulos Bruggemann, P.C., Tuckahoe, NY (Gus Dimopoulos and Atty K. Bruggemann of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud, fraudulent misrepresentation, and unjust enrichment, and to impose a constructive trust, the plaintiff appeals from an order of the Supreme Court, Westchester County (David F. Everett, J.), dated January 12, 2022. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the third through sixth causes of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In November 2019, the plaintiff commenced this action, inter alia, for declaratory relief against the defendants, the parents of the plaintiff's wife, alleging, among other things, that the defendants promised the plaintiff an ownership interest in a residence purchased by the defendants in 2009 in which the plaintiff and his wife, the daughter of the defendants, lived. The plaintiff and the defendants are adversaries in related appeals decided herewith (see Hershfield v Davidoff, ___ AD3d ___ [decided herewith]; Davidoff v Hershfield, ___ AD3d ___ [Appellate Division Docket No. 2021-08090; decided herewith]). A matrimonial proceeding, which is pending in the Supreme Court between the plaintiff and his wife, was commenced in July 2018.
As is relevant to this appeal, the defendants moved, inter alia, for summary judgment dismissing the third through sixth causes of action, which sought, respectively, to recover damages for fraudulent misrepresentation, fraud, and unjust enrichment, and the imposition of a constructive trust. The plaintiff opposed. In an order dated January 12, 2022, the Supreme Court, among other things, granted those branches of the defendants' motion. The plaintiff appeals.
"The elements of a cause of action sounding in fraud are a material misrepresentation of an existing fact, made with knowledge of the falsity, an intent to induce reliance thereon, justifiable reliance upon the misrepresentation, and damages" (Introna v Huntington Learning Ctrs., Inc., 78 AD3d 896, 898). "[A] representation of opinion or a prediction of something which is hoped or expected to occur in the future will not sustain an action for fraud" (Platus Corp. Pension Plan v Nazareth, 271 AD2d 422, 423 [internal quotation marks omitted]). "To recover damages for fraudulent misrepresentation, a plaintiff must prove (1) a misrepresentation or an omission of [*2]material fact which was false and known to be false by the defendant, (2) the misrepresentation was made for the purpose of inducing the plaintiff to rely upon it, (3) justifiable reliance of the plaintiff on the misrepresentation or material omission, and (4) injury" (Bernardi v Spyratos, 79 AD3d 684, 687).
Here, the Supreme Court properly granted those branches of the defendants' motion which were for summary judgment dismissing the third and fourth causes of action, alleging, respectively, fraudulent misrepresentation and fraud. In support of their motion, the defendants established their prima facie entitlement to judgment as a matter of law. The defendants demonstrated that the plaintiff did not allege facts sufficient to plead the element of justifiable reliance on an alleged misrepresentation by the defendants. It is undisputed that at the time the residence was purchased, the plaintiff knew that he did not have an ownership interest in the residence. Further, to the extent that the plaintiff contended that the alleged misrepresentation by the defendants was that he would be entitled to a share in the proceeds of a future sale of the residence, the plaintiff did not allege nor does the record show that the residence was sold and the proceeds from the sale were withheld from the plaintiff. In opposition, the plaintiff failed to raise a triable issue of fact (see JAF Partners, Inc. v Rondout Sav. Bank, 72 AD3d 898, 898).
The Supreme Court also properly granted those branches of the defendants' motion which were for summary judgment dismissing the fifth and sixth causes of action, respectively, alleging unjust enrichment and seeking to impose a constructive trust, as time-barred (see Gleich v Haenel, 125 AD3d 928, 928). A three-year statute of limitations governs causes of action alleging unjust enrichment when the plaintiff is seeking monetary relief (see CPLR 214[3]). "A cause of action for a constructive trust is governed by the six-year statute of limitations provided by CPLR 213(1), which begins to run upon the occurrence of the allegedly wrongful act giving rise to a duty of restitution" (Tornheim v Tornheim, 67 AD3d 775, 776). Here, the defendants satisfied their prima facie burden of demonstrating that the time within which to assert the unjust enrichment and constructive trust causes of action expired prior to the commencement of this action. In opposition, the plaintiff failed to raise a triable issue of fact (see Gleich v Haenel, 125 AD3d at 929). Moreover, these causes of action involve the issue of whether the residence is a marital asset, which should be determined in the matrimonial action.
The plaintiff's remaining contentions either are without merit, need not be reached in light of our determination, or are not properly before this Court.
DUFFY, J.P., CHRISTOPHER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court